**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| HOWARD T. TYSON, SR., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 22-3715 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 25, 30, 32, 34 |
| | : | | |
| UNITED STATES POSTAL SERVICE, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION TO INTERVENE; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

## I.  INTRODUCTION

Plaintiff Howard T. Tyson Sr. ("Tyson" or "Plaintiff"), proceeding *pro se*, sues his

employer, the United States Postal Service ("USPS" or "Defendant"), alleging that USPS

discriminated against him based on his religion, in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. §§ 2000e–2000e-17 and—read liberally—that USPS violated the First

Amendment.  *See generally* Compl., ECF No. 1.  Tyson alleges that managers at USPS

discriminated against him on account of his Christian faith when, despite his seniority, he failed

to receive the benefit of a "retreat rights" letter in early 2014, which would have entitled him to a

superior position at USPS.  *Id*. at 2–3.  He seeks monetary relief in the amount of $675,000, both

to cover lost wages and as punitive damages for the alleged religious discrimination.  *Id*. at 15,

18.  Before the Court is USPS's motion to dismiss.  *See* Def.'s Mot. Dismiss ("Def.'s Mot."),

ECF No. 25.  Tyson has filed a memorandum in opposition, Pl.'s Opp'n to Def.'s Mot. ("Opp."),

ECF No. 28, and USPS has filed a reply in support of its motion to dismiss, Def.'s Reply Supp.

Def's Mot., ECF No. 29.  The case is now ripe for review.  For the reasons explained below, the
Court grants USPS's motion.

## II.  FACTUAL BACKGROUND

### A.  Underlying Incidents

As it must at this stage of the proceedings, the Court accepts all of the well-pleaded
factual allegations in the Complaint as true.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–
56 (2007).  Tyson alleges that in June of 2010, while employed at USPS's Government Mail
Facility, or "GMF", he was approached by a manager who asked him to "turn the radio down,
which [was] playing normal gospel music."  Compl. at 1.[1]  This incident did not lead to any
disciplinary action at the time and Tyson states that the manager simply "dropped his head and
walked away."  *Id*. at 2.  Tyson further alleges that two other managers at the plant did not
appear to have any issue with the volume of his music and that coworkers playing "secular
music" were never approached in a similar manner.  *Id*. at 1–2.

Several months later, managers approached Tyson and informed him that "because of a
need, [he] would be sent" to work at a different plant, the Curseen-Morris Processing and
Distribution Center.  *Id*. at 2.  At the time of his reassignment, Tyson was also given a letter
informing him of his retreat rights, indicating that if a position reopened at the GMF, that he, as
the most senior employee, would be entitled to the position.  *Id*.

According to Tyson, on February 1, 2014, he was supposed to receive a retreat letter due
to a position opening at the GMF on January 31, 2014.  *Id.* at 2–3.  After he received a retreat
letter in May of 2014, he was verbally informed two days later that the position had been

---

[1] The complaint does not contain consistently numbered paragraphs, so the Court cites to
the complaint using the number at the bottom of each page.

rescinded.  *Id*. at 8.  Tyson then called the "main union office" where he was advised that "if they

do not give a proof letter as evidence to you," he should report to the assignment at the GMF on

June 16, 2014.  *Id.* at 9.  Tyson alleges that he did not receive a proper proof letter.  *Id.* at 10–11.

Consequently, Tyson went to the GMF on June 16, 2014, where he was informed that there was

no job available for him.  *Id*. at 12.  Tyson claims that this action was the result of religious

discrimination, and that the GMF manager did not want him back at the facility playing gospel

music.  *Id*. at 12–13.

### B.  Procedural History and Prior Litigation

Tyson filed a complaint for religious discrimination with the Equal Employment

Opportunity Commission ("EEOC").  *See* Def.'s Mot. at 2.  An EEOC administrative judge

issued a decision in favor of USPS on Tyson's EEOC complaint.  *See generally* Def.'s Mot. Ex.

1, ECF No. 25-1.  The administrative judge ruled that Tyson failed to prove he was unlawfully

discriminated against because he did not introduce evidence to show that he had been treated

differently from similarly situated peers or that his religion, rather than some other factor,

motivated the decision to rescind the position to which he had retreat rights.  *Id*. at 16.  The

EEOC went further, finding that USPS had "articulated legitimate nondiscriminatory reasons for

its action," that USPS had posted the position by mistake and then rescinded it once the error was

discovered.  *Id*. at 17.  According to the administrative judge, the incident involving Tyson's

manager asking him to reduce the volume of his gospel music was "not enough to establish a

basis for discrimination based on his religion."  *Id*. at 18.

Thereafter, Tyson sued USPS in federal district court in a case before then-District Court

Judge Pan.  *See* Def.'s Mot. at 3.  Tyson's second amended complaint in that suit dealt with the

same event that is at issue in this case—*i.e.*, the June 2010 incident where a manager asked

Tyson to turn down his gospel music, and the subsequent rescission of retreat rights in 2014. *Id*. at 3–4. The court in that case issued an opinion granting USPS's motion for summary judgment. *Tyson v. DeJoy*, No. 16-cv-1678 (FYP), 2021 WL 5416628 (D.D.C. Nov. 19, 2021). The district court concluded that the manager's requests to turn down the gospel music, "though annoying and inconvenient, do not constitute materially adverse action[s]." *Id*. at *8 (alteration in original) (quoting *Lewis v. District of Columbia*, 885 F. Supp. 2d 421, 428 (D.D.C. 2012)). With respect to the rescinded position, the court concluded that USPS had "legitimate business reasons for its actions" and that there was "no evidence of pretext or discriminatory animus." *Id*. at *9. The court explained that Tyson's argument was backed only by "his own unsubstantiated beliefs," and his allegations were "generalized, conclusory[,] and uncorroborated by any evidence other than [his] own . . . testimony." *Id*. (footnote and citation omitted) (quoting *Akridge v. Gallaudet Univ.*, 729 F. Supp. 2d 172, 183 (D.D.C. 2010)). The district court found "no evidence to suggest illicit coordination among USPS employees and management to deny Tyson his earned right of first refusal, and certainly not based on his religion." *Id*. at *10.

Tyson appealed the district court's decision, and on August 11, 2022, the D.C. Circuit issued its decision granting USPS's motion for summary affirmance and denying Tyson's motion for summary reversal. *Tyson v. DeJoy*, No. 21-cv-5279, 2022 WL 3568046 (D.C. Cir. Aug. 11, 2022). Afterwards, in December of 2022, Tyson filed the instant action, alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. *See* Compl.

4

### III.  LEGAL STANDARD

#### 1.  Rule 12(b)(6)

To state a claim, a plaintiff must provide a "short and plain statement of the claim," Fed.
R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds
upon which it rests," *Twombly*, 550 U.S. at 555 (omission in original) (citation omitted).  To
survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as
true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009) (quoting *Twombly*, 550 U.S. at 570).  While the Court must treat the complaint's factual
allegations as true and draw all reasonable inferences in favor of the plaintiff, the Court need not
accept "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in
the complaint, nor legal conclusions cast in the form of factual allegations." *Browning v.
Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (internal quotation marks and citation omitted).

"When *res judicata* bars a claim, [that claim] is subject to dismissal under Rule 12(b)(6),"
as it no longer constitutes a claim upon which relief can be granted.  *Boling v. United States
Parole Comm'n*, 290 F. Supp. 3d 37, 45 (D.D.C. 2017), *aff'd per curiam*, 2018 WL 6721354
(D.C. Cir. Dec. 19, 2018).  Additionally, "[m]otions to dismiss for failure to exhaust Title VII
administrative remedies are generally resolved as motions to dismiss for failure to state a claim
under Federal Rule of Civil Procedure 12(b)(6)." *Augustus v. Locke*, 699 F. Supp. 2d 65, 69 n.3
(D.D.C. 2010).  In resolving such claims, the Court may consider "any documents either attached
to or incorporated in the complaint and matters of which [the Court] may take judicial notice."
*EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (footnote omitted) (D.C. Cir.
1997).  In the exhaustion context, courts "rely upon administrative orders and administrative
complaints . . . when the documents are 'referred to in the complaint, . . . are integral to [the

plaintiff's] exhaustion of administrative remedies, and are public records subject to judicial notice.'" *Vasser v. McDonald*, 228 F. Supp. 3d 1, 9–10 (D.D.C. 2016) (second omission and alteration in original) (quoting *Laughlin v. Holder*, 923 F. Supp. 2d 204, 209 (D.D.C. 2013)). The Court may take judicial notice of public EEOC documents. *See Williams v. Chu*, 641 F. Supp. 2d 31, 35 (D.D.C. 2009).

As Tyson is representing himself in this matter, his complaint must "'be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, despite this less stringent standard, "even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## IV.  ANALYSIS

### A.  Res Judicata

USPS argues that Tyson's case is barred by *res judicata*, otherwise known as claim preclusion, and issue preclusion. *See* Def.'s Mot. at 8.  Claim preclusion forecloses further litigation of a cause of action, regardless of whether the later litigation raises the same or related issues as the earlier suit. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  In other words, claim preclusion "bars relitigation not only of matters determined in previous litigation but also ones that a party could have raised" in the earlier litigation. *NRDC v. Thomas*, 838 F.2d 1224, 1252 (D.C. Cir. 1988) (citation omitted).  This contrasts with issue preclusion, which bars relitigation of "an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor*, 553

U.S. at 892 (internal quotation marks omitted) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)).

"By 'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,' these two doctrines protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (alterations in original) (quoting *Montana v. United States*, 440 U.S. 147, 153–154 (1979)). "The objective of the doctrine . . . is judicial finality; it fulfills 'the purpose for which civil courts had been established, the conclusive resolution of disputes within their jurisdiction.'" *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982)).

Under D.C. Circuit precedents, a claim is barred by claim preclusion "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)). Tyson does not dispute that his prior action—*i.e.*, *Tyson*, 2021 WL 5416628—involved the same parties and that the district court was a court of competent jurisdiction. *See generally* Opp.

Tyson also previously raised the same claims against USPS as he does here—that a USPS manager's request to turn down his gospel music, the failure to enforce his retreat rights in 2014, and USPS's decision to rescind a job posting, were discriminatory based on his religion, in violation of Title VII. *Compare Tyson*, 2021 WL 5416628, at *1–4, *with* Compl. at 1–3, 8, 13–14, 16. Claim preclusion therefore bars the current suit.

7

Tyson argues that claim preclusion does not apply here because the instant case involves different claims from his earlier case.  Tyson is incorrect.  The district court's opinion in *Tyson v. DeJoy* explicitly stated that "Tyson's allegations of *religious discrimination* based on disparate treatment, arising from restrictions placed on his ability to play religious music at his workstation, cannot constitute an adverse action under Title VII."  2021 WL 5416628, at *8 (emphasis added).  As the Court understands it, Tyson's argument appears to be based on the fact that in the earlier case, Tyson initially filed *pro se* complaints alleging religious discrimination, and then retained counsel who filed a Second Amended Complaint "for employment discrimination."  *See* Second Amended Complaint at 1, *Tyson v. DeJoy*, 16-cv-1678 (D.D.C. Feb. 8, 2018), ECF No. 26.  That Second Amended Complaint, however, states that "Plaintiff Howard T. Tyson, Sr. . . . files this civil action to address unlawful *religious discrimination* towards him by a USPS plant manager while working for the USPS," along with many other instances alleging religious discrimination.  *See id*. ¶¶ 1–2, 65, 70, 73–74, 82 (emphasis added). In other words, the Second Amended Complaint in Tyson's prior case raised a religious discrimination claim even if the complaint was broadly styled as a complaint for employment discrimination.  And to reiterate, Tyson's claim in the instant case is also for religious discrimination in the employment context.  *See generally* Compl.

Moreover, regardless of the fact that Tyson did in fact raise a religious discrimination claim in his earlier case, claim preclusion bars "parties or their privies from relitigating issues that were *or could have been raised* in that action."  *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (citation omitted).  Because the prior case involved the same events currently at issue, Tyson is barred from bringing another claim about those events just because he would like to argue it differently.  *See SBC Commc'ns Inc. v. FCC*, 407 F.3d 1223, 1230 (D.C.

Cir. 2005) ("[T]he purpose of claim preclusion is to prevent 'litigation of matters that should have been raised in an earlier suit.'" (emphasis omitted) (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 376 n.1 (1985))).

That analysis applies to Tyson's First Amendment claim,[2] which is also precluded.  As explained above, a claim is precluded—even if not actually raised in an earlier suit—if it arises from the "same nucleus of facts" adjudicated in the prior litigation, regardless of the legal theory on which the plaintiff relied in the earlier suit.  *See Capitol Hill Grp.*, 569 F.3d at 490; *see also SBC Commc'ns Inc.*, 407 F.3d at 1229.  This is so because two claims constitute "the same cause of action" for the purposes of claim preclusion if they are "based on the same nucleus of facts." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (footnote and citations omitted) (internal quotation marks omitted); *see also Nat. Res. Def. Council v. EPA*, 513 F.3d 257, 261 (D.C. Cir. 2008) (assessing whether two claims "share[d] the same nucleus of facts" to determine that claim preclusion barred suit for second claim where second claim was based on different legal theory but same nucleus of facts (citation omitted)).  To the extent that Tyson brings a First Amendment claim here, that claim is based on the very same facts that Tyson alleged in his earlier suit and, therefore, his First Amendment claim could have been raised in that earlier suit.

Accordingly, Tyson's claims in the instant action are barred by claim preclusion because the same claims he brings here were either adjudicated in his earlier suit or could have been raised in his earlier suit, and that suit terminated in a final, valid judgment on the merits.  *See Tyson*, 2021 WL 5416628, at *10.  A merits decision, hinging on "whether the undisputed facts

---

[2] The Court observes that, although Tyson's complaint references the First Amendment, Compl. at 1, it is not clear whether Tyson actually intended to bring a First Amendment claim. Nevertheless, the Court addresses the application of *res judicata* to this potential claim.

established all the elements" of a claim, is precisely the sort of final judgment that triggers *res judicata*. *See Brownback v. King*, 592 U.S. 209, 216 (2021).

Tyson further argues that his prior case was dismissed without prejudice and therefore that claim preclusion should not apply, *see* Opp. at 7, but *Tyson v. DeJoy* was resolved after a Rule 56 motion for summary judgment, 2021 WL 5416628, at *6. "Summary judgment . . . constitute[s] [a] final judgments on the merits." *Ashbourne v. Hansberry*, 894 F.3d 298, 302 (D.C. Cir. 2018); *see also Johnson v. D.C.*, 04-cv-936 (RMC), 2005 WL 1903551, at *4 (D.D.C. July 20, 2005) ("For purposes of *res judicata*, summary judgment is considered a final decision on the merits."). Accordingly, claim preclusion applies and bars Tyson's claims and the Court grants USPS's motion to dismiss Tyson's claims. Although the Court's analysis can end here, the Court goes on to explain why Tyson's Title VII claim fails for a second reason.

## B.  Failure to Timely Bring Complaint

As an alternative ground for dismissal, USPS argues that Tyson's Title VII claim was untimely. *See* Def.'s Mot. at 10. "Before a federal employee can file suit against a federal agency for violation of Title VII, the employee must run a gauntlet of agency procedures and deadlines to administratively exhaust his or her claims." *Crawford v. Duke*, 867 F.3d 103, 105 (D.C. Cir. 2017). The first step of this gauntlet requires an aggrieved employee to "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). If the employee and Counselor cannot come to a resolution within 30 days, the employee must be notified and then has the right "to file a discrimination complaint . . . within 15 days of receipt of the notice." *Id*. at § 1614.105(d).

After the employee has filed a complaint, the agency must "conduct an impartial and appropriate investigation of the complaint within 180 days" of the filing. 29 C.F.R.§ 1614.106(e)(2). And an aggrieved employee may file a civil action in the United States District Court within 90 days of receipt of the agency's final decision, or, in the case that the agency makes no final decision, after 180 days have elapsed since the filing of the complaint with the agency. 29 C.F.R. § 1614.407(c)–(d).

The agency's final determination in Tyson's case was issued on April 21, 2016. *See* Def.'s Mot. Ex. 1 at 1. Tyson filed the instant suit on December 13, 2022, well over ninety days after Tyson's receipt of the agency's final determination.[3] Tyson's filing in this case was therefore untimely by several years, and Tyson's claim is time-barred.

Tyson does not seriously contend with this argument in his responsive briefing. Construing his statements liberally, Tyson appears to argue that since the appeal of his prior case was resolved on August 11, 2022, it was reasonable to file "his new religious discrimination claime [sic] on December 29, 2023." Opp. at 14.[4] This argument is unpersuasive because the instant action is a new case, and the proper filing deadline remains the 90-day period following his receipt of the agency's April 29, 2016 final decision. *See* 29 C.F.R. § 1614.407(c).

Tyson also argues that the agency's decision was invalid because the "indisputable evidence from the EEOC has been overlooked" and asserts his belief that during his hearing "deciding pieces of evidence were shuned [sic]" and witnesses for USPS "spoke untruths." Opp.

---

[3] Tyson did file an earlier suit in federal district court on August 17, 2016, but for the reasons previously discussed the litigation that ensued from Tyson's August 17, 2016, complaint bars the present litigation. *See supra* Part IV.A, at 6–10. Moreover, the Court observes that even Tyson's earlier suit may have been untimely filed (there are 110 days between April 29, 2016 and August 17, 2016).

[4] The actual date of the filing was December 13, 2022.

11

at 8.  Whether these claims are true or not, they do nothing to rebut the argument that Tyson's complaint was untimely filed.

### C.  Motion to Strike

Tyson moves to strike "defendant's motion of summary judgement [sic]" pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, alleging that USPS failed "to file an answer to plaints [sic] complaint."  Pl.'s Mot. Strike Def.'s Summ. J. at 1, ECF No. 34.

Tyson's motion to strike lacks merit.  Contrary to his assertion, USPS filed an answer to Tyson's complaint within the time allotted by the Court.  On June 6, 2023—and within the 60-day period established for filing an answer by Federal Rule of Civil Procedure 12(a)(2)—USPS filed a Motion for Extension of Time to File Answer.  *See* Def.'s Mot. Ext. Time, ECF No. 20. The Court granted this motion, extending the time to file until July 13, 2023.  *See* Minute Order (June 6, 2023); *see also* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."). USPS filed another motion for an extension on July 11, 2023, which the Court also granted, extending the time to file a response to the complaint to August 18, 2023.  *See* Def.'s Mot. Enlargement. Time, ECF No. 21; Minute Order (July 11, 2023).  On August 18, 2023, USPS filed its motion to dismiss.  *See* Def.'s Mot.  Federal Rule of Civil Procedure 6(b)(1) authorizes the Court to extend the time to file under such circumstances.  The Court extended the time, USPS filed within the new time frame, and therefore, USPS's answer was not untimely.  Fed. R. Civ. P. 6(b)(1)(A).  Accordingly, the Court denies Tyson's motion to strike.

### D.  Motion to Intervene

Tyson has filed what he refers to as a motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure.  *See* Pl.'s Mot. Intervene, ECF No. 30.  The rule governing intervention provides a mechanism by which non-parties who believe they have an interest in a case can assert their rights.  *See* Fed. R. Civ. P. 24.  Tyson is already a party to this case, so a motion to intervene is not necessary for him to assert his interests.

However, construed liberally, Tyson's motion instead appears to request that the Court enter a default judgment in his favor.  *See* Pl.'s Mot. Intervene at 4, ECF No. 30 ("Plaintiff ask [sic] this Court to find [for] the Plaintiff in default").  Rule 55 of the Federal Rules of Civil Procedure governs default judgments, stating "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  For the reasons discussed above concerning Tyson's Motion to Strike, USPS was not in default, having timely filed its answer to Tyson's complaint within the period allotted by the Court.  *See supra* Part IV.B, at 10–12; *see also* Minute Order (Aug. 25, 2023) (denying entry of default because Defendant did not default).  Thus, the Court denies Tyson's motion to intervene.

### E.  Motion for Leave to File a Sur-Reply

Tyson additionally moves for leave to file a sur-reply to USPS's reply brief in support of its motion to dismiss.  *See* Pl.'s Mot. Leave to File, ECF No. 32.  Sur-replies are generally disfavored, *see Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014), but may be granted when the party seeking to file a sur-reply is replying to arguments made for the first time in the opposing party's reply brief*, see Canning v. U.S. Dep't of Just.*, 251 F. Supp. 3d 74, 77 (D.D.C. 2017).

13

Here, Tyson's proposed sur-reply does not respond to any new arguments presented by USPS in its reply brief.  *See generally* Pl.'s Mot. Leave to File Ex. 1, ECF No. 32-1.  Tyson instead reiterates the same arguments addressed above with respect to USPS's *res judicata* defense and re-asserts that this case involves a different claim because it involves religious discrimination as opposed to employment discrimination.  *Id.* at ¶¶ 1–2.  This Court has discretion when deciding whether to grant a party leave to file a sur-reply brief.  *See Canning*, 251 F. Supp. 3d at 77.  Here, Tyson's sur-reply does not respond to any new arguments.  Hence, the Court denies Tyson's motion for leave to file a sur-reply.

## V.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 25) is **GRANTED**.  Plaintiff's motion to strike (ECF No. 34), motion to intervene (ECF No. 30), and motion for leave to file a sur-reply (ECF No. 32) are **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  March 29, 2024                                   RUDOLPH CONTRERAS
                                                         United States District Judge